UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT KELLY HANSEN,** | ) | **CASE NO. 3:16 CV 2147** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **JOHN COLEMAN, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Scott Kelly Hansen filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Hansen is currently incarcerated in the Toledo Correctional Institution, having been denied parole on August 10, 2016. In his Petition, he claims the Ohio Aduldt Parole Authority ("OAPA") improperly considered his multiple federal bank robbery convictions to deny his release on parole. For the reasons set forth below, the Petition is denied and this action is dismissed.

## I. BACKGROUND

On July 17, 1981, Petitioner pled guilty in the Lucas County Court of Common Pleas to one count of Retaining Stolen Property-Motor Vehicle and one count of Disposing Stolen Property. *Hansen v. Morgan*, No. 3:15 CV 44 (N.D. Ohio filed Jan. 5, 2015)(Doc. No. 28

PageID # 227).  The court found him guilty and sentenced him to two to ten years in prison for Receiving Stolen Property and one to five years in prison for Disposing Stolen Property.  *Id.* The court ordered the sentences to be served consecutive to each other but concurrent with any sentence he may receive on charges pending in Wood County.

That same day, in another criminal case in the Lucas County Court of Common Pleas, Petitioner pled guilty to Grand Theft with a prior conviction specification.  *Id.*  The court sentenced him to one to five years in prison to be served consecutive to the sentence imposed above.

On July 21, 1981 Petitioner pled guilty in the Wood County Court of Common Pleas to Receiving Stolen Property.  He pled guilty to the charges and the court sentenced him to three to ten years in prison, to be served concurrent with his Lucas County sentences.

Petitioner attempted to escape from custody.  On December 29, 1981, in the Marion County Court of Common Pleas, Petitioner pled guilty to Attempted Escape.  The court sentenced him to six months to five years in prison, to be served consecutive to his prior prison sentences.

Petitioner's aggregate prison sentence was four years and six months to twenty-five years.  He did not file any direct appeals or post conviction petitions pertaining to these convictions or sentences.

Petitioner was released on parole supervision on August 27, 1984.  Less than one month later, on September 21, 1984, Petitioner was arrested and charged with Bank Robbery in this federal court.  The Court sentenced him to ten years in prison.  The OAPA declared him to be a parole violator in custody on October 4, 1984.

Petitioner was released from federal prison and the OAPA again released him on parole on May 28, 1991. Petitioner failed to comply with the reporting requirements and conditions of supervision, and the OAPA issued a parole violator warrant. At the same time, Petitioner had outstanding warrants for new federal and state felonies committed while on parole. He was arrested on the parole violator warrant and waived his right to a parole violation hearing.

Petitioner was convicted on his second Bank Robbery offense on October 8, 1991 in the United States District Court for the Northern District of Ohio. This Court sentenced him to eleven years in prison. The OAPA declared him to be a parole violator in custody on October 10, 1991. They issued a state parole detainer warrant to the United States Bureau of Prisons ("BOP") on October 31, 1991; however, the BOP inadvertently released Petitioner from federal custody on October 17, 1997. The OAPA then declared him to be a violator at large on April 7, 1998.

In 1998 and 1999, Petitioner was indicted in the United States District Court for Rhode Island for seven bank robberies. He also escaped from the institution to which he was confined, and was charged with Escape. He was convicted of the charges in February 2000. The District of Rhode Island sentenced him to an aggregate term of 221 months in prison. The OAPA issued a state detainer warrant. After Petitioner was released from federal prison, he waived extradition on July 21, 2014 and was returned to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") on August 10, 2014.

Upon his return to state custody, the OAPA gave Petitioner written notice on August 21, 2014 that a parole violation hearing would be scheduled. That hearing was held on September

8, 2014. The OAPA revoked his parole, denied his parole eligibility for twenty-four months and notified him of the sanction in writing.

Petitioner filed a Petition for a Writ of Habeas Corpus in this Court on December 29, 2014 to challenge both his 1981 judgment of conviction and the sentence imposed on September 8, 2014 at the parole violation hearing. *Hansen v. Morgan*, No. 3:15 CV 44 (N.D. Ohio filed Jan. 5, 2015). That Petition is currently pending before United States District Judge Solomon Oliver, Jr.

On August 10, 2016, Petitioner received a parole release consideration hearing by the OAPA. He was denied release at that time and his hearing was continued to June 2018. His maximum state sentence expires on October 15, 2035.

Petitioner filed this Petition for a Writ of Habeas Corpus to challenge that parole release consideration hearing. Specifically, he asserts that the OAPA considered his federal bank robbery convictions to determine his risk of recidivism and to deny him parole. He contends that if he is required to serve the entire aggregate maximum sentence of twenty-five years, he will be 75 years old when released from prison. He claims this is in effect a life sentence for what he claims are relatively minor crimes committed decades ago.

## II. LAW AND ANALYSIS

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a Writ of Habeas Corpus by a person in state custody pursuant to the judgment of a state court, a determination of a factual issue made by the state courts shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

**Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a Federal Court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to

review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, the Court should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

**<u>No Exhaustion of State Court Remedies</u>**

There is no indication that Petitioner presented his claims to the Ohio courts to exhaust his state court remedies. If a Petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). In Ohio, a Petitioner claiming that the denial of parole violated his constitutional rights may file a

-7-

declaratory judgment action or mandamus action. *See State of Ohio v. Hall*, Case No. 2003-T-0114, 2004 WL 2785544, slip op. at *11 (Ohio 11 Dist. Ct. App. Dec. 6, 2004). Where alternative state remedies are available to consider the same claim, exhaustion of only one of those remedies is all that is necessary. *Rodgers v. Ohio*, No. 2:14 CV 00453, 2014 WL 7005130, at *2 (S.D. Ohio Dec. 10, 2014). A Petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987). Petitioner was denied parole on August 10, 2016 and filed this Habeas Petition on August 25, 2016. He does not allege that he exhausted his state court remedies, and indeed it would be difficult for him to raise his claims in the Court of Common Pleas, the Court of Appeals and the Supreme Court of Ohio in only fifteen days.

Generally, Petitioner's failure to exhaust state court remedies requires dismissal of the entire petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Where, however, "the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion," exhaustion may be excused. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991).

**No Constitutional Right to Parole**

In this case, it would be futile to require Petitioner to return to state court because he has not asserted a claim that implicates a federal constitutional right. He challenges the OAPA's consideration of the nine bank robberies he committed while on parole from the State of Ohio to deny his release on parole. Prisoners have no constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Correctional*

*Complex*, 442 U.S. 1, 7 (1979). *See Jago v. Van Curen*, 454 U.S. 14 at 20-21 (1981)(denial of parole does not violate the prisoner's constitutional rights). Moreover, the State of Ohio has not created in its inmates a constitutionally protected liberty interest in release on parole. *Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). The OAPA therefore "may ... grant a parole to any prisoner ... if in its judgment there is reasonable ground to believe that ... paroling the prisoner would further the interest of justice and be consistent with the welfare and security of society." Ohio Rev. Code § 2967.03. That decision is wholly within the discretion of the OAPA. Because Petitioner has no constitutionally protected interest in release on parole, the OAPA's denial of parole based on consideration of the multiple bank robberies he committed while previously on parole did not violate his constitutional rights.

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

DATED: October 13, 2016